# **EXHIBIT 1**

ORIGINAL

| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC** | **BLC LAW CENTER, APC** |
| Abbas Kazerounian, Esq. [SBN: 249203] | Ahren A. Tiller, Esq. [SBN 250608] |
| ak@kazlg.com | ahren.tiller@blc-sd.com |
| 245 Fischer Avenue, Unit D1 | 1230 Columbia Street, Suite 1100 |
| Costa Mesa, CA 92626 | San Diego, CA 92101 |
| Telephone: (800) 400-6808 | Telephone: (619) 894-8831 |
| Facsimile: (800) 520-5523 | Facsimile: (866) 444-7026 |

**HYDE & SWIGART**
Joshua B. Swigart, Esq. [SBN: 225557]
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*

FILED
Superior Court of California
County of Los Angeles

APR 25 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By Brigitta De La Rosa, Deputy
Brigitte De La Rosa

FAX FILE

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES
## UNLIMITED CIVIL

| | |
|---|---|
| KEVIN GIOIA, Individually and on Behalf of All Those Similarly Situated, | Case No.: **19STCV14363** |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| vs. | |
| MYLIFE.COM, INC., | **Unlawful Recording of Cellular Communications Under Cal. Pen. C. § 632.7** |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

- 1 -
*Gioia v. MyLife.com Inc., Class Action Complaint For Damages*

# INTRODUCTION

1. The California State Legislature passed the California Invasion of Privacy Act ("CIPA") in 1967 to protect the right of privacy of the people of California, replacing prior laws which permitted the recording of telephone conversations with the consent of one party to the conversation. California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibited intentionally recording all communications involving cellular and cordless.

2. Plaintiff Kevin Gioia ("Plaintiff") individually and on behalf of all other similarly situated California residents and nationwide consumers ("Class Members"), brings this action for damages and injunctive relief against Defendant MyLife.com Inc. ("MyLife.com" or "Defendant"), for Defendant's unauthorized and illegal recordings of conversations with Plaintiff without any notification nor warning to Plaintiff or the Class Members, causing Plaintiff and the Class Members damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's Counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter as it involves violations of California law.

8. As Defendant MyLife.com Inc. is a Delaware corporation whose primary place of business is Los Angeles, CA, personal jurisdiction is established.

9. Venue is proper for the following reasons: (i) Defendant's headquarters are within the County of Los Angeles; and (ii) and some of Defendant's actions giving rise to Plaintiff's harm occurred within the County of Los Angeles.

## PARTIES

10. Defendant is, and at all times relevant hereto was, a corporation organized under the laws of Delaware, registered to conduct business in California, with its main headquarters in Los Angeles, California..

11. Defendant MyLife.com operates a website, which maintains a database of individuals and which purports to maintain an alleged "reputation score" and "background report" on individuals that may be purchased by the named individual or third parties.

12. Upon information and belief, the website for Defendant MyLife.com is https://www.mylife.com/.

13. Plaintiff is a natural person who resides in the City of San Diego, State of California.

## FACTUAL ALLEGATIONS

14. On information and belief, Defendant MyLife.com optimizes its website to appear high in major search engines for individuals' names.

15. On information and belief, when searching most major internet search engines for an individual's name, a mylife.com result will often appear stating that the individual name searched has a "reputation score" and "background report" that

- 3 -

*Gioia v. MyLife.com Inc., Class Action Complaint For Damages*

can be purchased from MyLife.com.

16. On information and belief, Defendant MyLife.com additionally solicits individuals via online advertisement, email, and other vectors, stating that "someone" is searching for them, and states that they can find out who by paying a small fee.

17. On information and belief, the "fee" charge by Mylife.com for their "service" is normally structured as a monthly recurring charge that must later be cancelled.

18. On information and belief, Defendant MyLife.com has previously been sued for allegedly intentionally overcharging for the subscription "fee."

19. On information and belief, most major credit card servicers received so many chargeback requests, and complaints of fraudulent billing practices by Defendant MyLife.com, that many, including but not limited to, Visa and American Express, have designated Defendant as a "frequent offender" whose charges are significantly more likely than most merchants to be dubious.

20. On or about February 7, 2019, Plaintiff discovered inaccurate information about himself on MyLife.com.

21. On or about February 7, 2019, Plaintiff, at approximately 10:00 a.m., contacted Defendant via telephone to inquire about removing the inaccurate information about him being reported on MyLife.com.

22. When the telephone call began, there was no statement or warning at any time by Defendant that the call was being recorded.

23. During that call, Plaintiff was placed on hold for nearly 45 minutes, and finally was able to speak to an agent who assisted Plaintiff in removing his inaccurate information from MyLife.com.

24. At no time during that call from Plaintiff while using Plaintiff's cellular telephone was there any warning, statement, notification, recording, or other disclosure, that the call was being recorded.

25. At the end of the call, Plaintiff inquired as to whether there was reference number

or other ability to memorialize the fact that he called and verify the prior call in case the information showed up on MyLife.com again. The agent responded stating that the telephone call that just occurred had been recorded, and that Defendant records all incoming calls.

26. Upon information and belief, the telephone conversation between Plaintiff and Defendant's representative was audio recorded by Defendant.

27. At no point, whatsoever, during the February 7, 2019 telephonic conversation with the Defendant's representative was Plaintiff provided a warning, statement, notification, recording, or other disclosure, that the call was being recorded.

28. When customers call MyLife.com, a recorded message begins stating, "Thank you for calling MyLife.com, the only place to better your reputation because reputation is better than credit..." and then enters into a phone tree option with numbered selections.

29. Upon information and belief, regardless of the numbered selection chose, at no point does MyLife.com ever give callers a warning, statement, notification, recording, or other disclosure, that the call is being recorded. Despite this fact, MyLife.com records all inbound calls by individuals calling their main telephone line.

30. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by California law.

31. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was shocked, upset and angry that Defendant's audio recorded at least one cellular telephone conversation with Plaintiff without Plaintiff's knowledge or consent.

**CLASS ACTION ALLEGATIONS**

32. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs herein.

33. Plaintiff brings this lawsuit as a class action on behalf of himself and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

34. Plaintiff proposes a class consisting of and defined as follow:

> All persons in California whose inbound or outbound cellular telephone conversations were recorded without their consent, by Defendant, and or its agents, within the one year prior to the filing of the Complaint.

35. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

36. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

37. <u>Numerosity</u>: The Class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant has taken inbound calls from, or made outbound calls to class members nationwide during the Class Period, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

38. <u>Commonality</u>: There are common questions of law and fact as to Class members that predominate over questions affecting only individual members, including, but not limited to:

- 6 -

*Gioia v. MyLife.com Inc.*, Class Action Complaint For Damages

- Whether, within the statutory period Defendant recorded any call with the California members;
- Whether Defendant had and continues to have a policy during the relevant period of recording telephone calls made to the Class members;
- Whether Defendant's policy or practice of recording telephone communications with Class members constitutes an invasion of privacy and a violation of Cal. Penal Code § 632.7;
- Whether Plaintiff and Class members were damaged thereby, and the extent of damages for such violation; and
- Whether Defendant should be enjoined from engaging in such conduct in the future.

39. <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom he is similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all Class members' as demonstrated herein.

40. Plaintiff represents and is a Class member because Plaintiff called MyLife.com through Defendant's or its agent's telephone number, at which time Plaintiff was not provided with any proper warning of the recorded call, and Defendant recorded Plaintiff's cellular telephone conversation without notification.

41. Plaintiff and the Class members were harmed by the acts of Defendant in at least the following ways: Defendant illegally recorded Plaintiff and the Class members by way of their telephones thereby causing Plaintiff and the Class members to have personal information revealed without notification that their conversation was being recorded and by invading the privacy of said Plaintiff and Class members. Plaintiff and the Class members were damaged thereby.

42. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom he is similarly situated, as demonstrated herein.

43. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts, or differences with any Class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of California Penal Code section 632.7. Plaintiff has incurred, and throughout the duration of this action, will continue to incur, costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class member.

44. <u>Predominance</u>: Questions of law or fact common to the Class members predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiff and the Class members are capable of proof at trial through evidence that is common to the class rather than individual to its members.

45. <u>Superiority</u>: Plaintiff and the Class members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy particularly because individual Class members have no way of discovering that Defendant recorded their telephone conversations without Class members' knowledge or consent. Furthermore, absent a class action, most Class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger. Because of the relatively small size of the individual Class members' claims, it is likely that only a few Class members could afford to seek legal redress for Defendant's

1  misconduct. Absent a class action, Class members will continue to incur
2  damages, and Defendant's misconduct will continue without remedy. Class
3  treatment of common questions of law and fact would also be a superior method
4  to multiple individual actions or piecemeal litigation in that class treatment will
5  conserve the resources of the courts and the litigants and will promote
6  consistency and efficiency of adjudication.

46. The Class may also be certified because:

   (a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendant;

   (b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

   (c) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

47. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class members and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

48. The joinder of Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class members can be identified through Defendant's or Defendant's agent's records.

# FIRST CAUSE OF ACTION
# ILLEGAL TELEPHONE RECORDING OF CELLULAR PHONE CONVERSATIONS
# UNDER CALIFORNIA PENAL CODE § 632.71

49. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs herein.

50. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled them to surreptitiously record cellular telephone communications between Defendant and Plaintiff and the California Class members.

51. At all relevant times hereto, Defendant intentionally and surreptitiously recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and the California Class members.

52. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and the California Class members that their cellular telephone communications with Defendant would be recorded.

53. Defendant failed to obtain consent of Plaintiff and the California Class members prior to recording any of their cellular telephone conversations.

54. This conduct by Defendant violated section 632.7(a) of the California Penal Code.

55. Plaintiff and the California Class members are entitled to recovery actual and statutory damages in the amount of $5,000.00 per violation.

56. Plaintiff's counsel is also entitled to attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

///
///
///
///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays that judgment be entered against Defendant, and that Plaintiff and the Class be awarded damages from Defendant, as follows:

- That the action regarding each violation of the Invasion of Privacy and Cal. Pen Code § 632.7 be certified as a class action on behalf of the Class and requested herein;
- That Plaintiff be appointed as representative of the Class;
- That Plaintiff's counsel be appointed as counsel for the Class;
- Costs of suit;
- Reasonable attorneys' fees;
- Punitive damages;
- Special, general, compensatory and punitive damages;
- Statutory damages in an amount of $5,000 for unlawfully recorded call in violation of section Cal. Pen. C. § 630, *et seq.*, or three times the amount of any actual damages sustained by Plaintiff, whichever is greater, pursuant to Cal. Pen. Code § 637.2.

## TRIAL BY JURY

57. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and the Class are entitled to, and demand, a trial by jury.

Respectfully Submitted

Dated: April 24, 2019,

By: /s/ Abbas Kazerouni
Abbas Kazerouni, Esq.
Jason Ibey, Esq.
Nicholas Barthel, Esq.
Kazerouni Law Group
245 Fischer Ave., Unit D1
Costa Mesa, CA 92626
Attorneys for Plaintiff

- 11 -

*Gioia v. MyLife.com Inc., Class Action Complaint For Damages*